Irwin M. Portnoy and Associates, P.C.
542 Union Avenue
New Windsor, New York 12553
Tel. 9435/567-0315;FAX 845/567-1176
E-Mail: IMPortnoy @aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICKY SAVOIE

                        Plaintiff,

   -against-

MICHAEL J. ASTRUE,
Comissioner of Social Security,

                        Defendant.
-----------------------------------------------------------X

**COMPLAINT**

Plaintiff, by his attorney, IRWIN M. PORTNOY, alleges:

1. This court has jurisdiction under 42 U.S.C. Section 405(g) (hereinafter the Act), to review a decision of the Commissioner of Social Security denying Plaintiff's application for Social Security disability benefits.

2. Plaintiff resides within in this judicial district.

3. Defendant, Michael J. Astrue, is the Commissioner of Social Security, and as such has full power and responsibility over disability insurance benefits under the Act, as amended.

4. On November 24, 2004, Plaintiff filed an application for disability benefits under 42 U.S.C. §401 et. seq. hereinafter referred to as ("The Act").

5. In said application he stated that he was disabled since January 27, 2003

6. On March 10, 2005, the Office of Disability Determinations of the Social Security Administration denied Plaintiff's applications referred to above in paragraph four.

7. On October 11, 2006, after a hearing, Administrative Law Judge (ALJ) Carl

Stephan denied Plaintiff's application referred to above in paragraph four.

8. On March 23, 2007, the Appeals Council denied a Request for Review of the decision referred to above in paragraph four.

9. On September 26, 2007 Plaintiff commenced an action in this Court in case no. 07 Civ. 8346 (GEL), after receiving an extension of time within which to file said action.

10. On or about January 26, 2009, ALJ Brian Lemoine issued a favorable decision based on a second application filed by the Plaintiff herein.

11. On March 30, 2009, the Clerk of this Court entered a Judgment pursuant to sentence four of 42 USC §405(g) for further administrative proceedings pursuant to a stipulation of the parties and an Order by the Honorable Gerard Lynch, United States District Judge..

12. On January 12, 2011, the Appeals Council issued a Notice of Appeals Council Action. (Copy attached as Appendix 1)

13. Plaintiff was not afforded a hearing before an ALJ to present additional evidence before issuing the Notice referred to above in paragraph twelve.

14. The decision of the Appeals Council Law Judge referred to above in paragraph twelve is the final decision of the Commissioner.

15. Plaintiff became entitled to receive disability insurance benefits and the Act, because among other things, he suffered from the effects of

    a. a tear in his anterior cruciate ligament with decreased motor strength in his left leg;

    b. pain in his low back with restriction of motion;

    c. myofascial pain;

    d. side effects of medication;

    e. major Depressive Disorder, severe with psycho9tic features;

-2-

f.   panic Disorder with Agoraphobia.

g.   generalized Anxiety Disorder;

h.   post Traumatic stress disorder;

i.   chronic pain disorder

j.   and other medical problems causing pain, and dysfunction, including, but not limited to an inability to deal with stress;

16.   The medical conditions referred to above in paragraph sixteen impaired Plaintiff's ability, among other things, to

a.   sit, stand, walk for prolonged periods of time,

b.   lift and carry,

c.   bend or stoop,

d.   maintain attention and concentrate on tasks on a sustained basis, and

e.   perform physical and mental activity on a sustained basis.

17.   The Plaintiff has exhausted administrative remedies in this matter.

18.   This action is filed timely.

19.   The ALJ erred in failing to

a.   combine the effects of all of Mr. Savoie's impairments, and provide a function by function analysis of Plaintiff impairments;

b.   Misapplying the Commission's Regulations, pertinent instructions, and case law in evaluating the medical evidence and opinions of medical sources;

c.   give controlling weight to the medical opinions of Dr. Kusior and Cabatu

d.   consider whether or not the opinions of Drs. Kusior and Cabutu were entitled to controlling weight, and misapplying the legal standards for doing so

e.   Substituting his opinion for Plaintiff's treating sources

-3-

  f. relying on the opinion of a Disability Examiner;

  g. clarifying opinions from treating sources before rejecting them;

  h. developing evidence;

  i. explain why Plaintiff's impairments did not meet or equal in severity any of the Listings in 20 C.F.R. §404.1525 ("the Listings of Impairments"), and failed to employ a Medical Advisor;

  j. Misapplying the Commissioner's Regulations and pertinent law in evaluating the credibility of Plaintiff;

  k. misapplying the Commissioner's Regulations and pertinent law in evaluating Plaintiff's residual functional capacity ("RFC")

  l. failing to meet the burden of proof at the fifth step of the sequential evaluation contained in the Commissioner's Regulations by reliance on the Medical Vocational Guidelines, 20 CFR 404. 1569

  20. The ALJ's decision is not supported by substantial evidence.

  21. The decision of the Commissioner is otherwise contrary to the law.

  22. The Appeals Council erred in

    a. misapplying 402 USC 405(g) by failing to order a new hearing and provide Plaintiff with an opportunity to present evidence regarding the issues involved in the foregoing application;

    b. failing to inform Plaintiff specifically, and in writing, what action it intended to take to remedy the legal errors, it conceded at the time it presented the stipulation to the undersigned for approval and signature under sentence four, 42 USC 405(g), thereby causing the undersigned to agree to a stipulation which was illusory;

    c. failing to afford Plaintiff a new hearing, and the opportunity to present

-4-

additional evidence after this action was remanded for further administrative proceedings.

## AS AND FOR A SECOND CAUSE OF ACTION

23. The undersigned realleges paragraphs one through twenty two above as if the same were set forth more specifically herein.

24. Defendant violated the Fifth Amendment to the U. S. Constitution by its conduct referred to above in paragraphs one through twenty three.

WHEREFORE, petitioner respectfully prays that this court:

    (1) Issue a summons to the Defendant directing him to appear before the Court;

    (2) Order Defendant to submit a certified copy of the transcript of the record including evidence upon which the findings and decisions complained of, are based;

    (3) Find

        a. that Plaintiff is entitled to disability benefits under the provisions of the Social Security Act, and upon such record modify the decision of the Defendant so as to grant maximum monthly insurance benefits to the Plaintiff, retroactive to the date of initial disability; or

        b. Remand the case for a further hearing;

    (4) Award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412, and

    (5) Grant such other further relief as to this Court may seem just and proper.

Dated: March 9, 2011
New Windsor, New York

By: *[signature]*
Irwin M. Portnoy - IP 0016

TO: Clerk, United States District Court
Southern District of New York
300 Quarropas Street
New York, NY 10601

-5-

Office of the United States Attorney
Southern District of New York
ATTN: Civil Process Clerk
1 St. Andrews Plaza
New York, NY 10007

General Counsel, Social Security Administration
Room 611, Altmeyer Building
6401 Security Boulevard
Baltimore, MD 21235

Office of the United States Attorney General
Department of Justice
Constitution Avenue and 10th Street, NW
Washington, DC 20013

Office of the General Counsel, Region II
Social Security Administration
26 Federal Plaza, Room 3904
New York, NY 10278

SOCIAL SECURITY ADMINISTRATION

Refer to: TLC

Office of Disability Adjudication
and Review
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (703) 605-8000
Date:



JAN 12 2011

Mr. Ricky M. Savoie
P.O. Box 10052
Newburgh, NY 12552

# NOTICE OF APPEALS COUNCIL ACTION

The U.S. District Court for the Southern District of New York (Civil Action Number 1:07-CV-08346-GEL-HBP) has remanded this case to the Commissioner of Social Security for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act. This is about the Administrative Law Judge's unfavorable decision dated October 11, 2006.

This is also about the fully favorable decision dated January 29, 2009, which found that you were found disabled as of October 12, 2006, based on your later claim for Title II disability benefits, filed on March 2, 2007.

## We Are Setting Aside Our Earlier Action

On March 23, 2007, we told you that we had denied your request for review. We are now setting aside our earlier action to consider additional information.

## We Have Again Denied Your Request for Review

After considering the additional information, we found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review.

This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.

## Rules We Applied

We applied the laws, regulations and rulings in effect as of the date we took this action.

Under our rules, we will review your case once for any of the following reasons:

- The Administrative Law Judge appears to have abused his or her discretion.

- There is an error of law.

Ricky M. Savoie

Page 2 of 4

- The decision is not supported by substantial evidence.
- There is a broad policy or procedural issue that may affect the public interest.
- We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record.

## What We Considered

In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

Also, the Appeals Council considered the fact that since the date of the Administrative Law Judge's decision, you were found to be under a disability beginning October 12, 2006, based on the application you filed on March 2, 2007; however, the Council found that this information does not warrant a change in the Administrative Law Judge's decision. We find it reasonable to conclude that the evidence supports the unfavorable decision issued on October 11, 2006. There is no new and material evidence that would change its outcome and the evidence in the months immediately after such decision shows the onset of new disorders, especially mental, which in turn support the favorable subsequent Administrative Law Judge's decision of January 29, 2009.

## If You Disagree With Our Action

If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.

If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.

## How to File a Civil Action

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that

Ricky M. Savoie

is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on-line at the Social Security Administration's Internet site.
http://policy.ssa.gov/poms.nsf/links/0203106020

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, DC 20530.

## Time To File a Civil Action

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

## About The Law

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

CLAIM FILE

Ricky M. Savoie (

Page 4 of 4

## If You Have Any Questions

If you have any questions, you may call, write, or visit any Social Security office. If you do call or visit an office, please have this notice with you. The telephone number of the local office that serves your area is 866-504-4801. Its address is:

SOCIAL SECURITY
3 WASHINGTON CENTER
SUITE 301
NEWBURGH, NY 12550-9933

ORIGINAL SIGNED BY

Louann Y. Igasaki
Administrative Appeals Judge

Enclosure: Order of Appeals Council

cc: Irwin M. Portnoy, Esq.
542 Union Avenue
New Windsor, NY 12553

Social Security Administration
OFFICE OF DISABILITY ADJUDICATION AND REVIEW

## ORDER OF APPEALS COUNCIL

| IN THE CASE OF | | CLAIM FOR |
|---|---|---|
| Ricky M. Savoie | | Period of Disability |
| (Claimant) | | Disability Insurance Benefits |
| | | |
| (Wage Earner) | | (Social Security Number) |

The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:

Exhibit AC-1    Request for review with letter of contentions by attorney representative, dated December 15, 2006

Exhibit AC-2    Additional medical records dated February 4, 2007 through January 2, 2009

Date:       JAN 12 2011

REPRESENTATIVE